UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ZULMA I. PEREZ PEREZ,
    Plaintiff
vs.

CIVIL NO. 98-2312 (JP)

PUERTO RICO PORTS AUTHORITY, et al.,
    Defendants

## ORDER

| MOTION | RULING |
|---|---|
| **Date Filed:** September 20, 1999; September 21, 1999 **Docket # 37, 39** [X] Plffs   [X] Defts [] Other<br><br>**Title:** Motion Requesting Discovery Order; Informative Motion and in Opposition to Motion Requesting Discovery Order | Plaintiff requests a Court Order directing co-defendant Puerto Rico Ports Authority ("Ports Authority") to comply with the discovery schedule set forth in the Initial Scheduling Conference Order (docket No. 26). Plaintiff states that while the Ports Authority was ordered to answer Plaintiff's interrogatories and produce requested documents no later than August 20, 1999, Ports Authority did not comply until September 10, 1999, when it made a partial production. Ports Authority now informs the Court that as of September 21, 1999, it had made a complete production of requested documents and information. Plaintiff further explains that the two deponents to be produced by Ports Authority on September 10, 1999, José López Snow and Judith Martínez, were not produced. The Court hereby **SANCTIONS** co-Defendant Ports Authority in the amount of $500.00 for failure to produce López Snow and Martínez on September 10, 1999 and $250.00 for its violation of the ISC Order with respect to the production of documents and information, to be paid to the Clerk of the Court on or before **October 15, 1999**. Further, the Court hereby **DENIES** Plaintiff's request to reschedule the depositions since Plaintiff now has in its possession all requested documents and information. The Court believes Plaintiff is taking advantage of the fact that co-Defendant Ports Authority violated the Court's ISC Order. The purpose of the scheduling conducted at the ISC is precisely to avoid cost and delay, and to reschedule all depositions in this matter would require further conferences with the Court and the parties, augmenting the costs of this litigation. Co-Defendant Ports Authority has been properly sanctioned, and that should be sufficient sanction for their deeds. Lastly, with respect to the deposition of Héctor Rivera Rodríguez, who co-Defendant Ports Authority indicates was ill and therefore unable to attend the deposition scheduled for September 22, 1999 at 3:00 p.m., the parties **SHALL** make arrangements to take his deposition once he becomes medically available. |

Date: 10/4/99

JAIME PIERAS, JR.
U.S. Senior District Judge

Rec'd:    EOD:

By:    # 41