IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ZULMA I. PEREZ PEREZ,

    Plaintiff

vs.

PUERTO RICO PORTS AUTHORITY,
et al.,

    Defendants

RECEIVED & FILED
1999 OCT -6 AM 8 37
CLERK'S OFFICE
U S DISTRICT COURT
SAN JUAN, P R

CIVIL NO. 98-2312 (JP)

## ORDER

The Court has before it Plaintiff's Informative Motion and Requesting Leave to Amend Complaint (**docket No. 25**); Opposition to Plaintiff's "Informative Motion and Requesting Leave to Amend Complaint" by co-Defendants Puerto Rico Ports Authority, Héctor Rivera Rodríguez, Seguismundo Quiñones Lores, in their official and personal capacities, and Hermán Sulsona, only in his official capacity, (docket No. 27); and Motion to Join Official Capacity Codefendants [sic] Opposition to Plaintiff's "Informative Motion and Requesting Leave to Amend Complaint" by Defendants' Hermán Sulsona, Héctor Rivera Rodríguez and Seguismundo Quiñones Lores, in their personal capacity (docket No. 31).

Plaintiff Zulma I. Pérez Pérez's Motion, filed on July 19, 1999, seeks leave of the Court to amend the Complaint (1) to include Migdalia Santiago, the Authority's current Legal Advisor, as co-Defendant; and (2) to add a claim for deprivation of property without due process of law as a result of co-Defendants' Héctor Rivera Rodríguez ("Rivera") and Puerto Rico Ports Authority ("Ports

CIVIL NO. 98-2312 (JP)                2

Authority"), and putative co-Defendant Migdalia Santiago ("Santiago"), actions reducing Plaintiff's salary and requiring her to exhaust accumulated leave without an opportunity to be heard. Defendants counter that Plaintiff failed to put forth a plausible factual and/or legal basis to justify the proposed amendments to the Complaint, and that Plaintiff's amendment would unduly delay the proceedings.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint is to be "freely given when justice so requires." However, if there is undue delay or undue prejudice to the opposing party, a Court may exercise its discretion not to grant leave to amend. See Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The Initial Scheduling Conference was held on July 6, 1999, during which the substance of the proposed amendments were discussed. Defendants were therefore on notice at an early stage of the proceedings of Plaintiff's intention to amend the Complaint and the substance of that amendment. Moreover, the Court assumes that granting Plaintiff leave to amend the Complaint with respect to the cause of action for deprivation of property without due process of law will not provoke any further discovery because the reduction of Plaintiff's salary and the exhaustion of her vacation time is mathematical and appears in the records of the company. All that is left is the application of the law.

CIVIL NO. 98-2312 (JP)             3

As permitting the amendment will cause neither undue delay or undue prejudice to Defendants, the Court hereby **GRANTS** Plaintiff's Motion for leave to amend the Complaint.

**SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of October, 1999.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE