IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ZULMA PEREZ PEREZ, | |
| Plaintiff | |
| vs. | CIVIL NO. 98-2312 (JP) |
| PUERTO RICO PORTS AUTHORITY, et al., | |
| Defendants | |

## ORDER

Before the Court is Defendants' Bill of Costs (**docket No. 96**), Plaintiff's Opposition to Bill of Costs (docket No. 100), Defendants' Petition for an Award of Attorneys' Fees and Memorandum in Support Thereof (**docket No. 99**), and Plaintiff's opposition thereto (docket No. 101).

### I.   BILL OF COSTS

Defendants seek taxation of various costs under Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. The Court will address in turn each of the costs Defendants seek to have taxed.

#### A.   Fees for Service of Summons

The fees of the clerk and marshal are taxable pursuant to 28 U.S.C. § 1920(1). Defendants seek to recover the cost of subpoenaing several witnesses, both for depositions and for trial. Plaintiff opposes taxation of costs for these subpoenas on the grounds that these witnesses ultimately did not testify at trial. The Court agrees, and therefore denies taxation of these costs.

CIVIL NO. 98-2312 (JP)                    2

### B.    Deposition and Court Reporter Costs

Section 1920(2) permits taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This provision also allows for taxation of costs for the taking and transcribing of depositions. See Templeman v. Chris Craft Co., 770 245, 249 (1st Cir. 1985). The First Circuit, however, has limited the taxation of deposition costs with the following rule: "[I]f depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party." Id. Plaintiff opposes taxation of the cost of taking and transcribing her deposition on the grounds that her deposition was not introduced into evidence, and that its attempted use for purposes of impeachment was infructuous insomuch as Plaintiff's testimony was consistent with her deposition testimony. The Court agrees, and therefore denies taxation of the cost of taking and transcribing Plaintiff Zulma Pérez Pérez's deposition. See Hall v. Coors Brewing Co., 73 F. Supp.2d 1250, 1261 (D. Colo. 1999). Further, as the depositions of Wanda Aponte and Jacqueline Sánchez were not used at trial, the Court denies taxation of costs for those depositions as well.

The Court also denies taxation of the $42.00 for obtaining a transcription of Plaintiff's opening statement from the court reporter. An opening statement is not evidence, and thus the transcript was not "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

CIVIL NO. 98-2312 (JP)                3

### C.  Fees for Exemplification of Copies

Section 1920(4) permits recovery of costs for fees incurred in the exemplification of copies and papers necessarily obtained for use in trial.  See 28 U.S.C. § 1920(4).  Copies are only recoverable when they are "reasonably necessary to the maintenance of the action."  See Rodríguez-García v. Dávila, 904 F.2d 90, 100 (1st Cir. 1990); Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 782 (D. Puerto Rico 1997).  Recording what documents were copied and explaining how the documents were used in the case is necessary before the Court can permit such an award.  See In re San Juan Dupont Plaza Hotel Fire Litigation, 142 F.R.D. 41, 46 (D. Puerto Rico 1992); Goluba v. Brunswick Corp., 139 F.R.D. 652, 655 (E.D. Wis. 1991); Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth., 133 F.R.D. 481, 484 (E.D. La. 1990).  Because Defendants have failed to document and explain the use of the $864.50 expense for copies, the Court hereby denies this request.

### D.  Electronic Research Costs

Defendants seek to recover $1,205.80 in computer-aided research costs.  The Court finds that electronic research charges are not allowable costs.  Electronic research charges are properly reflected as part of the law firm's overhead and, as such, are a factor to be included in the setting of attorneys' fees as opposed to ordinary costs.  See McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990); In re San Juan Dupont Plaza Hotel Fire Litigation,

CIVIL NO. 98-2312 (JP)                           4

142 F.R.D. at 46 (citing 6 James W. Moore et al., Moore's Federal Practice P 54.77[8] (2d ed. 1986)).

### E.  Translation of Exhibits

Defendants further seek taxation of costs for the translation of exhibits under section 1920(6). Only those translations necessary for use at trial are recoverable. The only documents admitted at trial that appear in the translation invoices are the El Nuevo Día newspaper article and the Bids Act. However, as Defendants lump together in the invoice for these two exhibits other documents that were excluded from evidence, preventing the Court from separating those items that are compensable from those that are not, the Court is unable to tax Plaintiff for these costs.

## II.  ATTORNEYS' FEES

Defendants move the Court for attorneys' fees under 42 U.S.C. § 1988. While prevailing plaintiffs are generally entitled to an award of attorneys' fees under this statute, prevailing defendants are not. See Bercovitch v. Baldwin School, 191 F.3d 8, 10 (1st Cir. 1999) (citing Casa Marie Hogar Geriátrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994)). Prevailing defendants are only entitled to an award of attorneys' fees under section 1988 where a plaintiff's action is found to be "frivolous, unreasonable, or groundless." See Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 178, 66 L.Ed.2d 163 (1980). As the U.S. Supreme Court has explained, "To take the further step of assessing attorney's fees against

CIVIL NO. 98-2312 (JP)                                 5

plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of [section 1983]." Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L.Ed.2d 648 (1978)).

In filing their motion for attorneys' fees, Defendants blithely ignore clear, well-established, and uncontroverted U.S. Supreme Court and First Circuit precedent on this issue. Defendants do not argue that Plaintiff's action was "frivolous, unreasonable, or groundless," as it plainly was not. Rather, Defendants contend that prevailing defendants are entitled to the same fee-shifting scheme as prevailing plaintiffs. As this argument has absolutely no merit or support in the law, Defendants' request for attorneys' fees is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of May, 2000.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE