UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ZULMA I. PEREZ PEREZ,
    Plaintiff

vs.

PUERTO RICO PORTS AUTHORITY, et al.,
    Defendants

CIVIL NO. 98-2312 (JP)



## ORDER

| MOTION | RULING |
|---|---|
| **Date Filed:** March 29, 2000; April 12, 2000; May 10, 2000<br>**Docket #** 95, 98, 106<br><br>[X] Plffs [X] Defts [] Other<br><br>**Title:** Motion for New Trial; Opposition to Motion for New Trial; Opposition to Motion for New Trial | **DENIED.** Plaintiff moves for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, on the grounds that the verdict was against the clear weight of the evidence. The Court first notes, at the outset, that the jury, and not the undersigned, is assigned the important role of finding the facts and judging the credibility of the witnesses at trial. This Court may set aside a jury's verdict only if it believes that "the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice." Conway v. Electro Switch Corp., 825 F.2d 593, 599 (1st Cir. 1987) (quoting Coffran v. Hitchcock Clinic, Inc., 683 F.2d 5, 6 (1st Cir. 1982)). Plaintiff is unable to satisfy this demanding standard. To prevail, Plaintiff first had to establish, by clear and convincing evidence, that Plaintiff's working conditions were unreasonably inferior to the norm for the position that Plaintiff occupied. Although Plaintiff alleged that she was assigned no duties to perform, she also testified that she exercised certain functions of her position, such as substituting the head of the office, Mayra Maymí, while Maymí was on vacation leave. Given this inconsistency in her testimony, the jury was entitled to find that Plaintiff's testimony concerning her total lack of duties not credible. Further, other witnesses testified that she was given some duties to perform that were consistent with her job description, and Plaintiff conceded on cross-examination that the particular duties she was assigned to perform were within the discretion of her supervisor. Thus, the jury was entitled to conclude from the evidence that the fact that Plaintiff exercised some of the duties of her position, but not all, was not "unreasonably inferior to the norm" for Plaintiff's position. Accordingly, the instant motion is hereby **DENIED.** |
| Date: 9/29/00 | JAIME PIERAS, JR.<br>U.S. Senior District Judge |

Rec'd:    EOD:

By: W    #/10